# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SAMSON MCGINNIS,<br><br>        Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION, as successor in interest to Homecomings Financial, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10-cv-00301-TC<br><br>Judge Tena Campbell |

Samson McGinnis brings six causes of action based on an $817,500 mortgage he obtained on his residential property, alleging that Mortgage Electronic Registration Systems (MERS) does not have authority to foreclose on a Deed of Trust for his property and that he was not provided with proper disclosures under the Truth in Lending Act (TILA) at the time he closed on the loan. He also seeks to amend his complaint to add several more claims based on the same conduct alleged in the original complaint. Defendants GMAC Mortgage Corporation (GMAC) and MERS move to dismiss Mr. McGinnis' complaint, arguing that Mr. McGinnis has not stated a claim. They also argue that the court should not authorize Mr. McGinnis to file his amended complaint because it would be futile.

The court GRANTS Defendants' motion to dismiss and DENIES Plaintiff's motion to amend his complaint because such amendment would be futile.

BACKGROUND

Mr. McGinnis obtained a loan from Homecomings Financial for $817,500 secured by a

property in Midway, Utah, on June 21, 2007, which he purchased that same day.[1]  The Deed of

Trust securing the note reads in relevant part:

> Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of the Lender including, but not limited to, releasing and canceling this Security Instrument.

Deed of Trust (attached as Ex. A to Def.'s Req. for Judicial Notice).  Just over a year later, on July 18, 2009, James Woodall, the trustee appointed by MERS to conduct the foreclosure, recorded a Notice of Default against the Midway property.  Mr. McGinnis does not claim that the foreclosure was improper because of an error on the part of the mortgage company concerning whether he made his payments.  Rather, Mr. McGinnis maintains that Defendant MERS did not have authority to appoint a trustee because MERS was not the beneficiary to the Deed of Trust.  Mr. McGinnis also contends that shortly after the Notice of Default was filed, he discovered that Defendants had failed to make proper disclosures under TILA, though he does not specify how the disclosures were not proper.  On August 5, 2009, Mr. McGinnis provided MERS, Homecoming Financial, GMAC, and Mr. Woodall with a Notice of Rescission based on the alleged disclosure violations.

Based on these events, Mr. McGinnis has brought claims for quiet title, injunctive relief, fraud, and violation of TILA and the Home Mortgage Disclosure Act (HMDA).  He also seeks to

---

[1] Although Mr. McGinnis obtained the loan on the Midway property the same day he purchased the property, he maintains in his opposition brief that the loan was a refinance transaction covered by TILA's rescission provision.  If Mr. McGinnis' loan was obtained to finance the acquisition of the property, the loan would not be subject to rescission under TILA. See 15 U.S.C. § 1635(a)(1).  The parties have not addressed this issue.

amend his complaint to add another fraud claim and claims for negligent misrepresentation, civil conspiracy, violation of the Utah Consumer Sales Practices Act (UCSPA), and fraudulent nondisclosure.

ANALYSIS

**Standard of Review**

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006), cert. denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). Conclusory allegations are allegations that "do not allege the factual basis" for the claim. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). See also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based") (emphasis added). The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). And although all reasonable inferences must be drawn in the non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, quoted in Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). Stating a claim under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

3

The court grants Defendants' motion to dismiss Mr. McGinnis' fraud claim because MERS has the authority to foreclose on Mr. McGinnis' note. Further, Mr. McGinnis' TILA damages claim is time-barred, and he has failed to provide the court with the factual basis for his claim that TILA entitles him to rescind his loan. The court also rejects Mr. McGinnis' claim under the Home Mortgage Disclosure Act because the HMDA does not provide for a private cause of action. Finally, the court denies Mr. McGinnis' motion to amend the complaint because such amendment would be futile.

**MERS' Authority to Foreclose**

Mr. McGinnis bases his fraud claim and part of his claims for quiet title and injunctive relief on his contention that MERS lacked the authority to foreclose. Mr. McGinnis contends that MERS could not appoint Mr. Woodall as trustee because MERS is merely a nominee of the lender and does not possess the note. This argument is not persuasive.

MERS is an electronic registry that tracks the servicing rights and ownership of mortgage loans. Language in many deeds of trust, including the one signed by Mr. McGinnis in this case, gives MERS the right to act in the lender's behalf. The Deed of Trust signed by Mr. McGinnis states, "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." Mr. McGinnis contends that notwithstanding this language in the Deed of Trust, MERS does not have standing to appoint a trustee because it does not have ownership of the promissory note associated with the Deed of Trust. But courts have consistently held that this language in a Deed of Trust gives MERS the authority to foreclose in behalf of the lender and that MERS need not possess the note in order to appoint a trustee in behalf of the lender who does hold the note. See,

e.g., Rodeback v. Utah Fin., 1:09-cv-134, 2010 U.S. Dist. LEXIS 69821 * 9-10 (D. Utah July 13, 2010); Burnett v. Mortgage Elec. Registration Sys., Inc., 1:09-cv-69, 2009 U.S. Dist. LEXIS 100409 * 10-11 (D. Utah October 27, 2009); Mortgage Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153-54 (Fl. Dist. 2d Ct. App. 2007); Mortgage Elec. Reg. Sys., Inc. v. Ventura, No. CV054003168S, 2006 Conn. Super. LEXIS 1154 * 3-4 (Conn. Super. Ct. April 20, 2006). Moreover, Utah law on nonjudicial foreclosure contains no requirement that the beneficiary produce the actual note in order to authorize the trustee to foreclose on the property secured by the note. See Utah Code Ann. § 57-1-21 to -38.

Mr. McGinnis cites Landmark National Bank v. Kesler, 216 P.3d 158 (Kan. 2009), to support his argument that MERS lacks authority to appoint a trustee. But Landmark National Bank does not concern MERS' standing to foreclose, but rather whether MERS was an indispensable party who should have been allowed to intervene in a foreclosure action initiated by another lender. Id. at 161. Further, the Landmark National Bank case fails to recognize the agency relationship between MERS and the lender that is created by the language in the Deed of Trust designating it as beneficiary. See Blau v. Am.'s Serv. Co., No. cv-08-773, 2009 U.S. Dist LEXIS 90632, * 21-22 ( D. Ariz. Sept. 29, 2009) (distinguishing Landmark Nat. Bank and holding that MERS had authority to transfer ownership of the Deed of Trust).

The court dismisses Mr. McGinnis' fraud claim and the portions of his claims for quiet title and injunctive relief that rely on the argument that MERS lacks authority to foreclose on the security interest.

**Truth in Lending Act**

Mr. McGinnis argues that he rescinded his loan under the rescission provision of the

Truth in Lending Act (TILA) on August 5, 2009, because Homecomings Financial did not provide him with the proper disclosures under TILA. Mr. McGinnis claims that Defendants

> violated . . . TILA by failing to make proper disclosures of finance charges, interest rates, fees, costs, penalties and other information required to be disclosed under TILA, . . . failed to provide the proper disclosures at the time the loan was offered and signed by Plaintiff, . . . failed to disclose the true interest rate, the true penalties, the full extent of finance charges, fees, costs and penalties under the loan, . . . [and] failed to properly disclose the right of rescission.

(Compl. ¶¶ 39-42.) Defendants counter that any claims for damages are time-barred by TILA's one-year statute of limitations and further that Mr. McGinnis did not properly rescind his loan because he could not tender the loan amount. Mr. McGinnis contends that the statute of limitations on his damages claim does not bar his claims because either he is entitled to rescind his loan or because the court should equitably toll the statute of limitations. He also takes the position that tender is not required to rescind a loan under TILA.

### **Statute of Limitations on TILA Claims**

Any claim for violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In the Tenth Circuit, the statute of limitations for TILA claims runs from the time the consumer credit transaction was consummated. Stevens v. Rock Springs Nat. Bank, 497 F.2d 307, 309 (10th Cir. 1974) (holding that the failure to meet TILA disclosure requirements is not a continuing breach). Unless some legal basis exits for tolling the statute of limitations in this case, the time for Mr. McGinnis to file claims under TILA ran on June 21, 2008.

Mr. McGinnis argues that the statute of limitations should not run because the lender has been involved in fraudulent, misleading, and deceptive practices that concealed the TILA

6

violations and, for that reason, the statute of limitations should be tolled. But the complaint alleges only that disclosures were not made, not that Defendants actively concealed the discovery of the information that should have been contained in the disclosures.

Mr. McGinnis also argues that the statute of limitations on his TILA claims should be extended because he has three years to rescind his loan under § 1635. However, the rescission provision of TILA does not extend the one-year statute of limitations on claims for damages for TILA violations. See 15 U.S.C. § 1635; Brown v. Nationscredit Fin. Servs. Corp., 349 F. Supp. 2d 1134, 1137 (N.D. Ill. 2005). Even if Mr. McGinnis is entitled to rescission under TILA, the statute of limitations governing his claims for violation of TILA have run.

**Rescission under TILA**

Congress enacted TILA in order "to assure a meaningful disclosure of credit terms so that the consumer [could] compare more readily the various credit terms available to him and avoid the uninformed uses of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Section 1635 allows consumers to rescind "any consumer credit transaction . . . in which a security interest . . .is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended," so long as such rescission takes place within three days of the consummation of the transaction or the delivery of required material disclosures under TILA, whichever occurs later. 15 U.S.C. § 1635. If the lender never submits the required disclosures, the borrower's right to rescission expires three years after the consummation of the transaction. 15 U.S.C. § 1635(f).

In order for the borrower to have the right to rescind under TILA, the lender must fail to make a material disclosure; mere technical violations warrant damages only. Taylor v. Domestic

7

Remodeling, Inc., 97 F.3d 96, 99 (5th Cir. 1996) (holding that the failure to disclose the right to rescind was material). A borrower who has not received the required disclosures may rescind the loan transaction by providing notification to the creditor. Id. § 1635(a). The creditor then has twenty days to return the security interest and fees to the borrower. Id. § 1635(b). After the creditor has returned the security interest to the borrower, the borrower must then make tender of the funds given under the agreement. Id. "The goal of rescission is to restore the status quo that existed prior to the parties' agreement." Anderson v. Doms, 2003 UT App 241, ¶ 11, 75 P.3d 925 (citations omitted); see also Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1140 (11th Cir. 1992).

TILA details the procedure for a borrower to rescind the loan, but allows the court to modify this procedure to maintain rescission's status as an equitable remedy. "Congress, through its legislative history, has made it quite clear that the courts, at any time during the rescission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act." Williams, 968 F.2d at 1142. "Because of the equitable nature of rescission, there is not one precise formula that applies to all rescission cases." Anderson, 2003 UT App, ¶ 11. Though several other circuits have required borrowers claiming rescission under TILA demonstrate their ability to return the borrowed funds to the lender, the Tenth Circuit has not yet considered the question. Smith v. Argent Mortg. Co., LLC, 331 Fed. Appx. 549, 557 n.5 (10th Cir. 2009); see, e.g., Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1171-73 (9th Cir. 2003); Williams, 968 F.2d at 1140. Moreover, courts have generally waited until the summary judgment stage to determine whether a borrower has the ability to fulfill the tender requirement. See Am. Mortgage Network, Inc. v. Shelton, 486 F.3d

815, 821 (4th Cir. 2007) (affirming summary judgment where borrower did not have the ability to tender); Yamamoto, 329 F.3d 1167; Moore v. Wells Fargo Bank, 597 F. Supp. 2d 612, 616-17 (E.D. Va. 2009) (denying motion to dismiss even though plaintiff had not established her ability to tender); but see Sipe v. Countrywide Bank, 690 F. Supp. 2d 1141, 1150 (E.D. Cal. 2010) (requiring plaintiff to allege ability to tender in the complaint in order to survive a motion to dismiss).

Defendants argue that Grealish v. American Brokers Conduit, No. 2:08-cv-765, 2009 U.S. Dist. LEXIS 84842, 2009 WL 2992570 (D. Utah Sept. 16, 2009) supports their argument that Mr. McGinnis must plead ability to tender in order to survive on a motion to dismiss. But in Grealish the loan transaction was exempt from TILA, and the court considered only common-law rescission. Id. at * 2; see also Stokes v. Mountain Am. Fed. Credit Union, No. 2:10-cv-27, 2010 U.S. Dist. LEXIS 67775 at * 8-9 (July 8, 2010) (holding that borrower had no right to common-law rescission because he had not alleged the ability to return the loan proceeds). TILA modifies the common-law order of rescission by requiring the lender to return the property before the borrower must return the loaned funds. While the court may equitably require a borrower to prove the ability to tender before allowing the borrower to rescind, such a requirement is not part of § 1635 and not an appropriate consideration on a motion to dismiss.

In this case, Mr. McGinnis claims that he rescinded his loan after discovering that Defendants violated TILA by "fail[ing] to identify and disclose all facts relating to the loan and failing to disclose all finance charges to which the borrower will be obligated . . . [,] fail[ing] to properly disclose how finance charges were computed . . . [,] [and] present[ing] the terms of the loan in a document which was not clear and concise and in a manner the borrower could

9

comprehend." Complaint ¶ 17. Mr. McGinnis also alleges in his time-barred TILA cause of action that Defendants' disclosures were "improper," though he does not specify how these disclosures were improper. Although Mr. McGinnis may have a claim for rescission, the court cannot determine based on his pleading how Defendants failed to provide him the material disclosures required by TILA. Mr. McGinnis has not provided the court or Defendants with a "statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure because he has failed to state the factual basis for his claim.

Accordingly, the court grants Defendants' motion to dismiss Mr. McGinnis' TILA claims. Mr. McGinnis may file a motion to amend his complaint, including a proposed amended complaint on his rescission claim only so long as his amended complaint is filed by September 17, 2010, and complies with Rule 11 of the Federal Rules of Civil Procedure. Defendants may, of course, oppose the motion.

**Home Mortgage Disclosure Act**

Mr. McGinnis alleges that Defendants have failed to maintain proper records of the loan documentation as required by the Home Mortgage Disclosure Act, 12 U.S.C. § 2803(a) (HMDA). Defendants argue that the HMDA does not provide for private enforcement. Federal regulations state that HMDA is to be enforced by administrative agencies. 12 C.F.R. § 203.6; 12 U.S.C. § 2804. HMDA does not create a private cause of action. See Stokes v. Mt. Am. Fed. Credit Union, 2:10-cv-27, 2010 U.S. Dist. LEXIS 67775, * 9 (July 8, 2010); Routen v. Citi, 2009 U.S. Dist. LEXIS 96575,* 19 (N.D. Ill. Oct. 16, 2009). Accordingly, the court dismisses Mr. McGinnis's HMDA claim.

**First Amended Complaint**

Mr. McGinnis seeks to amend his complaint to add several causes of action. First, Mr. McGinnis seeks to bring a claim that Defendants violated the Utah Consumer Sales Practices Act (UCSPA). Specifically, he claims that Defendants failed to obtain financial documentation verifying Mr. McGinnis's ability to repay the loan, loaned him money they knew he could not afford to repay, and failed to disclose all facts and finance charges relating to the loan and how those charges were computed. Mr. McGinnis also argues that Defendants violated the UCSPA because they never possessed the original loan documents. Defendants argue that such an amendment would be futile because the UCSPA does not apply to this mortgage transaction. "The UCSPA, Utah Code Ann. §§ 13-11-1 to -23, prohibits deceptive or unconscionable acts and practices by a supplier in connection with a consumer transaction." Wade v. Jobe, 818 P.2d 1006, 1013-14 (Utah 1991). But if a more specific law regulates the consumer transaction at issue, the UCSPA does not apply to that transaction. Carlie v. Morgan, 922 P.2d 1, 6 (Utah 1996). For instance, the Utah Supreme Court has declined to extend the UCSPA to residential lease transactions for conduct covered under the Utah Fit Premises Act. Id. In this case, Defendants argue that their conduct is governed by the more specific Utah High Cost Home Loan Act, Utah Code section 61-2d-101 to -113, and Mortgage Lending and Servicing Act, Utah Code section 70D-2-101. The court agrees.

Mr. McGinnis also seeks to add a negligent misrepresentation claim, but he does not state any specific misrepresentation upon which he relied. Mr. McGinnis next seeks to add a civil conspiracy claims based on MERS' lack of authority to foreclose, but the court has already rejected this argument. Finally, both the fraud claim based on TILA violations and the fraudulent

11

nondisclosure concealment claims fail to plead the fraudulent behavior with particularity. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plastic Packaging Corp. v. Sun Chem. Corp., 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001). To allege fraud, "the plaintiff must set out the 'who, what, where, and when' of the alleged fraud." Id. Mr. McGinnis' claim does not give the specifics of the alleged fraud sufficient to put Defendants on notice. The court therefore denies Mr. McGiniss' motion to amend the complaint because it would be futile.

CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss the complaint and DENIES Plaintiff's motion to file a first amended complaint. Consistent with the court's discussion of the TILA claims, Mr. McGinnis may file a motion to amend complaint with the court on the limited issue of rescission under TILA by September 17, 2010.

DATED this 27th day of August, 2010.

BY THE COURT:

*Tena Campbell*

———————————————
TENA CAMPBELL
Chief Judge